(708 P.2d 991)
No. 57,568

STATE OF KANSAS, *Appellee*, v. MURT HANKS, III, *Appellant*.

Petition for review denied January 24, 1986.

Opinion filed November 7, 1985.

*E. Jay Greeno*, assistant public defender, and *Kathy R. Vetter*, appellate counsel, of Wichita, for the appellant.

*Kimberly Gee Vines*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before REES, P.J., BRISCOE, J., and WILLIAM D. CLEMENT, District Judge, assigned.

BRISCOE, J.: Defendant, Murt Hanks, III, appeals from a jury conviction of theft. He was sentenced as a felon, having two prior theft convictions within five years immediately preceding the commission of the instant offense. K.S.A. 1984 Supp. 21-3701.

The defendant was charged with the theft of items valued at less than $150 from a Safeway store in Wichita, Kansas, on July 14, 1984. Included in the complaint/information was the statement that defendant had two theft convictions in the preceding five years: one on July 11, 1983, in the Wichita Municipal Court, and one on June 14, 1984, in Sedgwick County District Court. Defendant was charged with theft, a class E felony pursuant to K.S.A. 1984 Supp. 21-3701.

This appeal raises issues of first impression regarding the interpretation of the new theft statute, K.S.A. 1984 Supp. 21-3701, effective May 17, 1984. The statute provides:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:

"(a) Obtaining or exerting unauthorized control over property; or

"(b) Obtaining by deception control over property; or

"(c) Obtaining by threat control over property; or

"(d) Obtaining control over stolen property knowing the property to have been stolen by another.

"Theft of property of the value of $150 or more is a class E felony. *Theft of property of the value of less than $150 is a class A misdemeanor, except that theft of property of the value of less than $150 is a class E felony if committed by a person who has, within five years immediately preceding commission of the crime, been convicted of theft two or more times.*

"Nothing herein shall prohibit the removal in a lawful manner, by towing or otherwise, of personal property unlawfully placed or left upon real property.

"Conviction of a violation of a municipal ordinance prohibiting acts which constitute theft as defined by this section shall be considered a conviction of theft for the purpose of determining the number of prior convictions and the classification of the crime under this section." (Emphasis supplied.)

Defendant contends the proof of two prior theft convictions is an element of felony theft under K.S.A. 1984 Supp. 21-3701. Defendant further contends the trial court erred in failing to instruct the jury on this element as well as the lesser included offense. He argues "theft" is the lesser included offense of "theft after having been convicted of theft two or more times within the preceding five years."

In support of his argument for the inclusion of proof of prior convictions as an element of K.S.A. 1984 Supp. 21-3701, defendant notes that K.S.A. 1984 Supp. 22-3201(2) requires that a complaint contain "a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient." The defendant argues that since two prior theft convictions were listed in his complaint/information, proof of these convictions is an element of the instant offense. The State refutes this argument by citation to *State v. Loudermilk*, 221 Kan. 157, 557 P.2d 1229 (1976). In *Loudermilk*, the Kansas Supreme Court, in interpreting K.S.A. 1975 Supp. 65-4127a, concluded that proof of prior convictions is not an element of the offense, but rather is appropriate only at the time of sentencing to enhance the classification of the crime from mis-

demeanor to felony. We find the rationale of *Loudermilk* applicable to the case at bar.

In *Loudermilk*, the defendant challenged his class B felony conviction under K.S.A. 1975 Supp. 65-4127a. In pertinent part, the statute provided:

"[I]t shall be unlawful for any person to . . . possess . . . any opiates . . . or narcotic drugs. Any person who violates this section shall be guilty of a class C felony, except that, upon conviction for the second offense, such person shall be guilty of a class B felony . . . ."

The defendant in *Loudermilk* argued that reference in the information to his prior conviction was wholly unnecessary since a prior conviction was not an element of a class B felony. Although the court ultimately agreed with the defendant's "element" argument, it disagreed with defendant's contention that the information was defective. The court concluded the information should inform the defendant of what specific offense is charged, including the class of felony, to enable the defendant to prepare a defense.

Applying the court's rationale to the case at hand, the fact that defendant's two prior theft convictions were included in the complaint/information does not make proof of two prior convictions an element of the offense. The complaint/information properly notified defendant of the seriousness of the offense with which he was charged and provided him with details which might have assisted him in his defense.

In ruling that a prior conviction under K.S.A. 1975 Supp. 65-4127a was not an element of a class B felony under the same statute, the *Loudermilk* court noted a "distinction between crimes in which a prior conviction of a felony is a necessary element, and crimes in which a prior conviction of the same crime is considered in establishing the class of felony or the penalty to be imposed." 221 Kan. at 159. After reviewing several criminal statutes, the court concluded that a prior conviction is a necessary element of a crime when it is included in the *statutory definition of the crime* rather than in the *penalty section* of the statute.

Here, K.S.A. 1984 Supp. 21-3701 defines theft as "any of the following acts done with the intent to deprive the owner permanently of the possession, use or benefit of the owner's property: (a) Obtaining or exerting unauthorized control over prop-

erty . . . ." In a separate paragraph, the classification require-
ments for felony and misdemeanor theft are set forth. It is within
this separate paragraph that the prior conviction language ap-
pears. Applying the *Loudermilk* analysis, it is clear that proof of
two prior theft convictions is not an element of class E felony
theft defined by K.S.A. 1984 Supp. 21-3701, but rather serves
only to classify the crime at sentencing and thus enhance the
punishment.

We do note that the theft statute at issue differs slightly from
any of the statutes discussed in *Loudermilk*. In a theft prosecu-
tion, the value of the property taken is an element of the crime
which the jury must determine; however, that element is found
in the classification section of the statute (together with the prior
conviction language) rather than in the definition portion of the
statute. K.S.A. 1984 Supp. 21-3701; PIK Crim. 2d 59.01. We do
not believe, however, that this distinction affects our reliance
upon *Loudermilk*.

Here, when the trial court instructed the jury on the elements
of K.S.A. 1984 Supp. 21-3701, it correctly refused to require proof
of two prior theft convictions as an element of the offense. The
case was submitted to the jury under the following pertinent
instructions:

"The defendant is charged with the crime of theft. The defendant pleads not
guilty.

"To establish this charge, each of the following claims must be proved:

"1. That Safeway, Incorporated, was the owner of the property;

"2. That the defendant obtained unauthorized control over the property;

"3. That the defendant intended to deprive Safeway, Incorporated, perma-
nently of the use and benefit of the property; and

"4. That this act occurred on or about the 14th day of July, 1984, in Sedgwick
County, Kansas." (Instruction No. 2.)

"Evidence has been admitted tending to prove that the defendant committed
crimes other than the present crime charged. This evidence was introduced and
affects a legal matter not for your consideration. Therefore, you are not to
consider such evidence for any purpose in arriving at your verdict." (Instruction
No. 5.)

Although the element instruction given (instruction No. 2) did
not require a finding of value, that omission is not necessarily
fatal since there was substantial competent evidence here to
support a misdemeanor theft conviction. *State v. Piland*, 217
Kan. 689, 693, 539 P.2d 666 (1975). In addition, given the
evidence presented and the fact that the jury was instructed only

on theft, the trial court did not err in failing to instruct on a lesser included offense.

Since proof of two prior theft convictions is not an element of K.S.A. 1984 Supp. 21-3701, evidence of the defendant's prior convictions should not have been presented to the jury.

"Prior convictions under this statute are not elements of the offense charged, and are pertinent only to the *sentence* which shall be rendered in the event of a conviction. The State is not obliged to prove the prior conviction during the presentation of its evidence before the jury; evidence of the prior conviction should be presented to the court after conviction in the same manner as such evidence is presented when the habitual criminal act, K.S.A. 21-4504, is invoked." *Loudermilk*, 221 Kan. at 161.

Here, the defendant did not object to the admission of the evidence on the basis that it was improper prior crimes evidence. In fact, he has consistently argued that evidence of prior convictions was an element of the crime charged. Pursuant to the contemporaneous objection rule, K.S.A. 60-404, the court did not err in admitting the prior crimes evidence at trial. Accord *Loudermilk*, 221 Kan. at 161. In addition, the general rule is that the trial court's admonition (here achieved through an instruction) that the jury disregard the evidence normally cures any prejudice resulting from an improper admission. *State v. Croft*, 6 Kan. App. 2d 821, 823, 635 P.2d 972 (1981).

The defendant next contends that the municipal court theft conviction is void because the complaint/notice to appear was defective. The municipal court conviction in question was one of defendant's two prior theft convictions. Having concluded that proof of two prior theft convictions is not an element of K.S.A. 1984 Supp. 21-3701, we address this issue only because its resolution may entitle defendant to resentencing as a misdemeanant.

The defendant argues that the complaint/notice to appear failed to allege the essential elements of the crime. Although this issue is raised for the first time on appeal, we may properly consider it because lack of jurisdiction or the failure of the complaint, information or indictment to charge a crime shall be noticed by the court at any time during the pendency of the proceeding. *State v. Shofler*, 9 Kan. App. 2d 696, 698, 687 P.2d 29 (1984).

K.S.A. 1984 Supp. 12-4113(g) defines a municipal court complaint as "a sworn written statement, or a written statement by a

law enforcement officer, of the essential facts constituting a violation of an ordinance." A complaint must be stated with enough detail to inform the defendant of the criminal act with which he is charged. *City of Altamont v. Finkle,* 224 Kan. 221, 223, 579 P.2d 712 (1978), quoting *State v. Williams,* 196 Kan. 274, 285, 411 P.2d 591 (1966).

Here, the municipal court complaint/notice to appear is sufficient to give the defendant notice of the crime charged and to provide the municipal court with jurisdiction. The information on the document includes the time and location of the offense, together with an allegation that the defendant unlawfully took $24.65 worth of perishable goods from Bleier's, contrary to Wichita Ordinance 5.42.010(a), "petit larceny shoplift." The defendant was adequately informed of the facts constituting the crime of which he was charged. The municipal court conviction is valid.

The defendant next contends the trial court erred in taking judicial notice of court records which were offered to prove defendant's prior theft conviction in Sedgwick County District Court. Defendant argues judicial notice was improper here because the information "noticed" was an element of the crime. This argument is without merit.

Even if proof of two prior theft convictions was an element of a theft charge under K.S.A. 1984 Supp. 21-3701, which we have held it is not, an element of a crime may be judicially noticed. Trial courts have been routinely upheld in their taking judicial notice of the jurisdictional element of the crime charged, such as taking judicial notice that a city is located in a county within the court's jurisdiction. *State v. Deutscher,* 225 Kan. 265, 272, 589 P.2d 620 (1979); *State v. Wilson & Wentworth,* 221 Kan. 359, 361-62, 559 P.2d 374 (1977).

Finally, the defendant contends the trial court abused its discretion in allowing the late endorsement of the municipal court clerk as a witness.

K.S.A. 1984 Supp. 22-3201(6) provides:

"The prosecuting attorney shall endorse the names of all witnesses known to the prosecuting attorney upon the complaint, information and indictment at the time of filing it. The prosecuting attorney may endorse on it the names of other witnesses that may afterward become known to the prosecuting attorney, at times that the court may by rule or otherwise prescribe."

The purpose of the endorsement requirement is to prevent

surprise to the defendant and to give him an opportunity to interview and examine the witnesses for the prosecution in advance of trial. *State v. Costa*, 228 Kan. 308, 315, 613 P.2d 1359 (1980); *State v. Bryant*, 227 Kan. 385, 387, 607 P.2d 66 (1980).

Whether late endorsement of additional witnesses will be allowed is a matter left to the trial court's discretion, and the exercise of that discretion will not be disturbed on appeal absent a showing of an abuse of discretion. *Costa*, 228 Kan. at 315. To sustain a reversal of the trial court, the defendant must establish that his rights were unfairly prejudiced by the endorsement of additional witnesses. *State v. Kendig*, 233 Kan. 890, 891, 666 P.2d 684 (1983); *State v. Thompson*, 232 Kan. 364, 367, 654 P.2d 453 (1982).

Here, the testimony of the clerk dealt entirely with defendant's prior municipal court conviction. Initially, both the parties and the trial court believed that proof of prior convictions was necessary to support a theft conviction under K.S.A. 1984 Supp. 21-3701. Prior to the court's instructing the jury, however, both the State and the trial court had concluded that "priors" were to be considered only by the court at sentencing, and the jury was instructed to disregard evidence of defendant's prior convictions. Consequently, the trial court did not abuse its discretion in allowing the late endorsement of the clerk because the defendant suffered no prejudice as a result of the clerk's testimony.

Affirmed.