(942 P.2d 649)

No. 77,300

STATE OF KANSAS, *Appellee*, v. CECIL E. WALKER, *Appellant*.

Opinion filed July 18, 1997.

Submitted by the parties for summary dispostion pursuant to K.S.A. 21-4721(g) and (h).

Before PIERRON, P.J., ROYSE and KNUDSON, JJ.

PIERRON, J.: Cecil E. Walker appeals from the district court's order revoking his probation and the determination of the severity level of his pre-guidelines conviction of possession of cocaine. Walker also challenges the limited retroactivity provision of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* For the reasons set forth below, we affirm in part, reverse in part, and remand to the district court.

On April 2, 1993, Walker pled guilty to one count of possession of cocaine contrary to K.S.A. 65-4127a, a class C felony. At the time, Walker was on probation for an earlier conviction of possession of cocaine. Although the State could have charged Walker with a class B felony in light of his prior conviction for possession, K.S.A. 65-4127a, the State only charged him with a class C felony. Walker was given a suspended sentence for a period of 2 years, subject to numerous conditions.

In July 1994, a hearing was held on the State's motion that Walker's probation be revoked in both cases. The court found Walker had violated his probation, but reinstated the probation. A year later, a second probation violation hearing was held where Walker was found to have violated his probation but, again, probation was reinstated and extended. In December 1995, Walker stipulated to violating probation, and his probation was revoked. The district court imposed a sentence of 3 to 10 years—within the statutory range for class C felonies (K.S.A. 21-4501[c])—and he was committed to prison.

At the time of the probation revocation and imposition of sentence, the court also calculated Walker's KSGA sentence as required by K.S.A. 21-4724(f). It held that Walker's KSGA sentence would have been 46 months, based upon a finding that Walker's most recent conviction was a severity level 2 drug felony and that his criminal history score was "I." At the time of this hearing, Walker objected to the severity level assessed to his most recent conviction.

Walker has moved for summary disposition of this appeal without briefing pursuant to K.S.A. 21-4721(g) and (h). In his motion, Walker raises two issues which can be summarily rejected. First, he challenges the limited retroactivity provision of the KSGA, K.S.A. 21-4724(b). This argument, of course, has been rejected by the Kansas Supreme Court in *Chiles v. State*, 254 Kan. 888, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994), and we are bound by the *Chiles* decision.

In addition, Walker claims the district court abused its discretion in revoking his probation. Once a violation of the conditions of probation has been established, the decision whether to revoke or reinstate probation is left to the discretion of the trial court. The decision will not be reversed absent abuse of discretion. See *State v. Reed*, 254 Kan. 52, 59-60, 865 P.2d 191 (1993). Based upon Walker's stipulations that he had violated his probation and the numerous chances the district court gave him, we find no abuse of discretion by the trial court in revoking Walker's probation.

The final issue raised by Walker attacks the severity level assessed to his 1993 conviction of possession of cocaine. Under the

Supreme Court's decisions in *Farris v. McKune*, 259 Kan. 181, Syl. ¶ 5, 911 P.2d 177 (1996), and *State v. Fierro*, 257 Kan. 639, Syl. ¶ 4, 895 P.2d 186 (1995), the court is required to look at all the facts in a pre-KSGA case to determine the proper severity level and criminal history score for that conviction.

In *Farris* and *Fierro*, however, the court was dealing with the indecent liberties statutes, which were significantly changed when the KSGA was enacted. In this case, the 1993 legislature repealed K.S.A. 65-4127a and replaced it with a substantially *similar* statute, K.S.A. 1996 Supp. 65-4160. Both the statutes before and after the enactment of the KSGA provided for charging a defendant with a different level of felony based upon whether the defendant had a prior conviction for a similar offense. Under K.S.A. 65-4127a, a defendant such as Walker could be charged with a class B felony because of his prior possession conviction. Under K.S.A. 1996 Supp. 65-4160(b), such a defendant could be charged with a severity level 2 felony. First-time possession convictions were class C felonies under K.S.A. 65-4127a and are severity level 4 felonies under K.S.A. 1996 Supp. 65-4160(a).

We note that under these statutes, proof of the prior conviction for possession is not an "element" of the enhanced felony. The Supreme Court has held that under K.S.A. 65-4127a, the State is not obligated to prove the prior conviction as an element of the class B felony offense because the prior possession only enhances the penalty. *State v. Loudermilk*, 221 Kan. 157, 161, 557 P.2d 1229 (1976). In that case, however, the court noted it was proper for the complaint to allege the prior conviction in order to " 'inform [the] accused of what offense he is charged, so as to enable him to prepare his defense.' [Citation omitted.]" 221 Kan. at 158. See also *State v. Hanks*, 10 Kan. App. 2d 666, 667-68, 708 P.2d 991 (1985), *rev. denied* 238 Kan. 878 (1986) (discussing inclusion of prior theft convictions in a complaint charging defendant with a class E felony under K.S.A. 1984 Supp. 21-3701; allegations were to put defendant on notice of seriousness of charge).

A plea of guilty for the purpose of applying the sentencing guidelines to a charge of simple possession of cocaine, which is not enhanced by a previous conviction for possession of cocaine, fixes the

severity level of the crime pled to. For the purpose of applying the sentencing guidelines, a plea of guilty to simple possession of cocaine cannot be counted as a conviction for possession after a previous conviction, even if it could have been charged at that level due to a previous conviction for possession of cocaine.

In this case, the State only charged Walker with a class C felony, he pled guilty to a class C felony, and he was given an indeterminate sentence for a class C felony. Therefore, the State knowingly chose to charge Walker with a lesser offense under the law as it then existed. Because both the pre- and post-July 1, 1993, statutes contained the same differentiation between convictions for first and second offenses, the rationale of *Fierro* and *Farris* is inapplicable. Under these circumstances, Walker's pre-KSGA conviction had to be converted to the equivalent severity level in the post-KSGA statutes. Accordingly, the district court erred in finding that Walker's conviction translated to a severity level 2 offense. Based upon the undisputed record before the court, Walker's conviction translated to a severity level 4 crime on the nondrug grid. K.S.A. 1996 Supp. 65-4160(a). Therefore, this portion of the district court's order is reversed.

It is not clear if the district court was presented with a full record regarding Walker's criminal history for purposes of determining a criminal history score. Accordingly, we remand this case for such a determination. We note that pursuant to K.S.A. 21-4710(d)(11), the district court can consider Walker's prior conviction for possession of cocaine in determining his criminal history score.

Affirmed in part, reversed in part, and remanded.