NOT DESIGNATED FOR PUBLICATION

No. 118,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY S. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed September 7, 2018. Affirmed.

*Sam. S. Kepfield*, of Hutchinson, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Anthony S. Smith appeals the district court's denial of several motions relating to the severity level of his crime. Smith argues, as he has argued before, that his sentence is illegal because the district court incorrectly classified his 1993 conviction for possession of cocaine as a severity level 3 crime, when it should be a severity level 4 crime. We find his claim barred by res judicata, since we have previously decided that very claim.

1

*Factual and procedural background*

Smith was charged with possession of cocaine, possession of marijuana, and battery against a law enforcement officer for acts he committed in 1992. Smith pleaded guilty to the offenses and was sentenced in August 1993.

At sentencing, the district court noted that if Smith were sentenced under the Kansas Sentencing Guidelines Act (KSGA), which took effect on July 1, 1993, Smith would have a criminal history score of E, would face a presumptive 30-month sentence, and would have a severity level 3 crime of conviction. But because Smith had committed his crimes in 1992, the district court sentenced Smith under the preguidelines sentencing provisions to a term of 3 to 10 years' imprisonment. This was legally correct.

Shortly after his sentence was pronounced, Smith moved to modify his sentence. The district court denied that motion, and we affirmed that denial. *State v. Smith*, No. 71,937, 1995 WL 415147 (Kan. App. 1995) (unpublished opinion).

In 2011, Smith moved the district court to retroactively apply the KSGA to his 1993 sentence. He asserted that his sentence was within the border box under the sentencing guidelines so it was eligible for retroactive conversion. The district court denied Smith's motion and held that he should have raised the issue in a direct appeal or in a K.S.A. 60-1507 motion. Smith appealed that decision, but then voluntarily dismissed his appeal.

In 2013, Smith moved to correct an illegal sentence. In that motion, Smith argued, as he does here, that his severity level should have been a severity level 4 rather than 3. He argued this would subject him to an 18 to 22-month presumptive non-imprisonment term. Smith also argued, for the second time, that his sentence should have been converted through a retroactive application of the sentencing guidelines. The district

2

court denied Smith's motion, finding that it was successive, was an abuse of remedy, and was barred under the doctrines of res judicata and law of the case. Smith appealed, to no avail. We affirmed the district court's ruling that Smith's claim was barred by res judicata. We also found that under the sentencing guidelines, Smith would have been subject to a presumed prison term, so even had we reached the merits of Smith's claim, Smith would not have prevailed. *State v. Smith*, No. 111,080, 2015 WL 770209, at *1-3 (Kan. App. 2015) (unpublished opinion).

Finally, beginning in December 2016, Smith filed three pro se motions—the motions underlying this appeal. First, Smith filed a motion for nunc pro tunc, arguing that the district court's journal entry should be amended to reflect "the 30-month computed guidelines sentence that the court pronounced from the bench." Second, Smith moved to enforce his plea agreement and requested a new sentencing hearing. Third, Smith filed a motion to alter or amend judgment, requesting the district court reconsider the denial of his motion to enforce the plea agreement. Each of those motions relates to the allegedly incorrect severity level of Smith's crime. The district court summarily denied all three motions, prompting this appeal.

*Did the district court err by summarily denying Smith's motions?*

In his 2013 motion to correct an illegal sentence, Smith argued that his sentence was illegal because the district court, at sentencing, incorrectly classified his conviction of possession of cocaine as a severity level 3. Had the district court correctly labeled Smith's conviction as a severity level 4, Smith contends he would have been eligible for KSGA conversion. Now, Smith makes that same argument.

Smith concedes that *State v. Roseborough*, 263 Kan. 378, 383-84, 951 P.2d 532 (1997), precludes his conversion claim, but he nonetheless presses that claim because *Roseborough* may be overturned one day. Until then, however, we must follow its

3

holding, as we are duty bound to follow Kansas Supreme Court precedent. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011).

The State responds that Smith's remaining claim, regarding the severity level of his crime, is barred by res judicata. We agree.

*Smith's claim is barred by res judicata*

Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise plenary review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). That doctrine has four elements: (1) the same claim; (2) the same parties; (3) claims that were or could have been raised; and (4) a final judgment on the merits. *Jacox*, 302 Kan. 431, Syl. ¶ 2. When an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised. Issues that could have been raised are deemed waived. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

The four elements necessary to establish res judicata are met here. In 2013, Smith argued that the severity level for his crime should have been four rather than three and that his sentence should have been converted through a retroactive application of the sentencing guidelines. The district court denied Smith's motion on the merits and under the doctrine of res judicata. On appeal, we affirmed the district court's ruling that Smith's claim was barred by res judicata. *Smith*, 2015 WL 770209, at *2. Nevertheless, we also analyzed the merits of Smith's claim:

> "Although we have found that the district court did not err in dismissing Smith's motion to correct an illegal sentence, we pause to note that at the heart of Smith's claim both [in 2013] and in 2011 is his belief that he would have been entitled to the retroactive application of his KSGA sentence. The purpose of computing the KSGA sentence for

4

persons sentenced after July 1, 1993, was to determine whether they are eligible for *and* would benefit from retroactivity or conversion of their sentence. See *State v. Fierro*, 257 Kan. 639, 645, 895 P.2d 186 (1995). Even if we assume under this court's decision in *State v. Walker*, 24 Kan. App. 2d 145, 147-48, 942 P.2d 649 (1997), that Smith's KSGA sentence should have been a level 4 instead of a level 3, he still does not qualify for mandatory conversion.

"In *Fiero,* 257 Kan. at 647, our Supreme Court made clear that persons in Smith's situation, to wit: crime committed before July 1, 1993, but sentenced after July 1, 1993, were entitled to the benefits of sentence conversion to a KSGA sentence under K.S.A. 1993 Supp. 21-4724(b), *if they were otherwise qualified.* That statue provided, as it relates to Smith's base crime, that if the offender's sentence classification placed him or her in a presumptive nonprison grid box or in grid blocks 3-H or 3-I of the drug grid, the person was entitled to sentence conversion. Smith appears to concede on appeal that even if he were sentenced under the KSGA as a 4-E, he would still be placed in a presumptive prison grid box. So even if we were to consider Smith's claim of retroactive conversion on the merits, it would fail. Moreover, the fact that the sentencing grid was subsequently amended and now shows 4-E as a border box does not entitle Smith to relief, as those amendments operate only prospectively. See K.S.A. 2013 Supp. 21-6805; *State v. Roseborough*, 263 Kan. 378, 383-84, 951 P.2d 532 (1997).

"In sum, Smith is not entitled to conversion of his sentence. If he was not eligible for conversion, any error in designation of the severity level was harmless and does not render his sentence illegal. See *State v. Cheeks,* 280 Kan. 373, 374, 121 P.3d 989 (2005) (where defendant was not eligible for conversion under K.S.A. 21-4724, failure to compute guidelines sentence under statute did not render sentence illegal). Smith does not challenge the legality of his preguidelines sentence of 3 to 10 years, and our court has already determined that there was no error with said sentence. *Smith*, slip op. at 2." *Smith*, 2015 WL 770209, at *3.

We noted that because Smith was not eligible for conversion of his sentence, any error in designation of the severity level is harmless and does not render his sentence illegal. Our review shows that Smith's 2015 case and this one involved the same claim, the same parties, claims that were actually raised, and a final judgment on the merits.

Smith does not contend that res judicata is inapplicable for some reason. This is a classic case of res judicata—the claim has been adjudicated.

Affirmed.