IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,798


STATE OF KANSAS,
*Appellee*,

v.

ANGELENE L. CALVERT,
*Appellant*.


SYLLABUS BY THE COURT


1.

K.S.A. 21-5801(b)(6) does not establish convictions of theft two or more times in the immediately preceding five years as an element of the crime of theft requiring proof beyond a reasonable doubt to the fact-finder.


2.

Judges imposing sentences may rely on court records to establish both the dates of prior convictions and the statutes violated by defendants at the time they were convicted when using those records calls for a mechanical or mathematical determination and does not involve a controvertible or ambiguous determination.


Review of the judgment of the Court of Appeals in 65 Kan. App. 2d 301, 564 P.3d 814 (2025). Appeal from Sedgwick District Court; FAITH JOHNSON, judge. Oral argument held October 30, 2025. Opinion filed January 30, 2026. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.


*Emily R. Brandt*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.


1

*Julie A. Koon*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, C.J.: Angelene Calvert appeals from her conviction for one count of felony theft. She challenges the sufficiency of the evidence produced against her at trial, specifically whether the State proved to the jury that she had committed theft two or more previous times in the preceding five years. She also challenges the imposition of sentence without a jury finding she had those prior theft convictions. The Court of Appeals affirmed the conviction in *State v. Calvert*, 65 Kan. App. 2d 301, 564 P.3d 814 (2025). This court granted review. We agree with the reasoning set out in the Court of Appeals opinion and affirm.

In October 2021, Sarah Fuentes, an asset protection manager for a Lowe's store in Derby, observed Calvert remove and conceal in her purse multiple tools and tool sets, remove the security tags, purchase one set, and take them all to her car. Calvert then returned to the store, picked up some additional items, paid for one item, and told the cashier she had already paid for the tool set she had just picked up. Fuentes then intercepted Calvert and escorted her back to the store office, where she signed a statement of facts admitting to shoplifting.

The State charged Calvert with one count of theft of property of at least $50 in value but less than $1,500 in value, within five years of two or more prior theft convictions. A jury found Calvert guilty. The presentence investigation report listed three petty theft convictions in the previous five years. The court relied on the record of those prior convictions to sentence her to a midrange guideline sentence of 12 months, with a probation term of 12 months and postrelease supervision term of 12 months.

Calvert maintains she was denied her right to a jury trial when the factual question of whether she had two or more theft convictions in the preceding five years was not put to the jury for determination. She bases her argument on the seminal case of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and the recent case of *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024). These cases found in the Sixth Amendment a right to have a jury determine facts that could increase a sentence above a statutory base maximum.

We exercise unlimited review when deciding as a question of law whether a district court violated a defendant's Sixth Amendment right to have a jury decide certain facts. See *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015).

K.S.A. 21-5801 defines theft and sets out the severity level of convictions. In relevant part, the statute states:

"(a) Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services:

(1) Obtaining or exerting unauthorized control over property or services;
. . . .
"(b) Theft of:

. . . .

(4) property or services of the value of less than $1,500 is a class A nonperson misdemeanor, *except as provided in subsection* (b)(5), *(b)(6)*, (b)(7) or (b)(8);

. . . .

(6) property of the value of at least $50 but less than $1,500 is a severity level 9, nonperson felony *if committed by a person who has, within five years*

*immediately preceding commission of the crime*, excluding any period of imprisonment, *been convicted of theft two or more times.* (Emphases added.)"

By statutory operation, then, Calvert's crime of shoplifting would be elevated from a class A misdemeanor to a severity level nine felony if she was convicted of two or more thefts in the five years before October 2021.

The Sixth Amendment to the United States Constitution guaranties an accused a trial "by an impartial jury of the State and district wherein the crime shall have been committed." Calvert contends the matter of whether she had two convictions in the preceding five years was a fact subject to a Sixth Amendment right to a jury determination. She argues in part that these prior convictions are an element of the crime for which she was charged, and she also argues the prior convictions could not be used at sentencing without a jury determination.

The jury was instructed on the elements of the crime of theft. The instruction read:

"To establish this charge, each of the following claims must be proved:

"1. Lowes [*sic*] was the owner of the property.

"2. The defendant exerted unauthorized control over the property.

"3. The defendant intended to deprive Lowes [*sic*] permanently of the use or benefit of the property.

"4. The value of the property was at least $50 but less than $1,500.

"5. This act occurred on or about the 7th day of October, 2021, in Sedgwick County, Kansas.

"The State must prove that the defendant exerted unauthorized control over the property intentionally."

The point of contention in this appeal is that the jury was not instructed to find that Calvert had been convicted of theft two or more times in the immediately preceding five years and the State presented no evidence to that effect. Calvert maintains that, under *Apprendi* and *Erlinger*, she could not be lawfully convicted without the jury specifically finding she had been convicted of theft two or more times in the preceding five years.

Calvert initially argues that both the facts of and dates of her prior convictions are elements of the crime of which she was convicted here. This argument was settled by the Court of Appeals in 1986 in *State v. Hanks*, 10 Kan. App. 2d 666, 708 P.2d 991 (1985), *rev. denied* 238 Kan. 878 (1986). In *Hanks*, the court held that proof of two or more prior theft convictions is not an element of the crime but is only a sentencing consideration. 10 Kan. App. 2d at 670.

The *Hanks* court relied on this court's decision in *State v. Loudermilk,* 221 Kan. 157, 557 P.2d 1229 (1976), which examined the "distinction [between] crimes in which a prior conviction of a felony is a necessary element, and crimes in which a prior conviction of the same crime is considered in establishing the class of felony or the penalty to be imposed." After reviewing several criminal statutes, the court concluded that a prior conviction is a necessary element of a crime when it is included in the statutory definition of the crime rather than in the penalty section of the statute. *Loudermilk*, 221 Kan. at 159-60.

Although *Loudermilk* involved a second conviction for possessing drugs, not a third conviction for theft, the *Hanks* court quoted from *Loudermilk* in concluding that prior thefts were not an element of the crime:

5

"'Prior convictions under this statute are not elements of the offense charged, and are pertinent only to the *sentence* which shall be rendered in the event of a conviction. The State is not obliged to prove the prior conviction during the presentation of its evidence before the jury; evidence of the prior conviction should be presented to the court after conviction in the same manner as such evidence is presented when the habitual criminal act, K.S.A. 21-4504, is invoked.' *Loudermilk,* 221 Kan. at 161." *Hanks*, 10 Kan. App. 2d at 670.

Under *Hanks* and the reasoning of *Loudermilk*, it is not necessary for the State to present evidence to the jury showing that a defendant has committed two or more thefts in the previous five years because that is not an element of the crime. This was the conclusion the panel reached in the present case. *Calvert*, 65 Kan. App. 2d at 305. This conclusion is consistent with the holding in in *Almendarez-Torres v. United States*, 523 U.S. 224, 228, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), a case prior to but leading toward *Apprendi*, in which the Supreme Court held that an indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime."

Calvert contends that *Hanks* was improperly decided. She implicitly raised this argument in district court, moving for a directed verdict before presenting her case because the State had not presented evidence of any prior convictions. The district court denied her motion.

The Supreme Court noted the difficulty in separating those two concerns—elements of a crime and sentencing factors, pointing out the "elusive distinction between 'elements' and 'sentencing factors.'" The court concluded it does not matter whether a sentence enhancer looks like an element of the crime or like a sentencing factor so long as the required finding "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Apprendi*, 530 U.S. at 494.

6

Our decisions have been consistent with that conclusion, finding that it does not matter under *Apprendi* whether the required finding is labeled a crime element or a sentencing factor—if it would increase the punishment beyond what the jury's verdict would authorize, the jury must decide whether the State proved the fact used to increase the sentence. See *State v. Gould*, 271 Kan. 394, 410-11, 23 P.3d 801 (2001); see also *United States v. Wilson*, 244 F.3d 1208, 1216-17 (10th Cir. 2001) (recidivism is a sentencing factor rather than an essential element of the underlying offense).

The evidence demonstrated that Calvert committed theft under the definition in K.S.A. 21-5801: the State showed she intended to permanently deprive Lowe's of the possession of Lowe's property. Furthermore, the State presented evidence showing the value of the property was at least $50 and less than $1,500, and the jury was instructed that the State had to prove that fact in order to prove theft. Accordingly, the State proved theft and the jury convicted of theft. What the State did not attempt to prove to the jury was that Calvert had been convicted of two or more thefts in the preceding five years.

Following *Hanks* and *Loudermilk*, the previous convictions were not elements of the crime. *Apprendi* did not change that. But the essential question remains: did the State have to prove to the jury that Calvert was convicted of thefts in the preceding five years, whether as an element of the crime or as a sentencing factor that changed the category of her conviction?

In *Erlinger*, 602 U.S. 821, the United States Supreme Court further refined the Sixth Amendment right to a jury trial as analyzed in *Apprendi*, 530 U.S. 466, and its progeny. The Court reiterated its position that the Fifth and Sixth Amendments require a unanimous jury to establish facts relevant to sentencing. *Erlinger*, 602 U.S. at 830-31. Specifically, a finding that increases the maximum or minimum penalty must be left to a jury. 602 U.S. at 833. In Erlinger's case, the critical question for increasing the sentence was whether he had committed previous violations on separate and distinct occasions

from one another or whether the previous convictions were for conduct that was all part of one criminal episode.

The Supreme Court characterized the district court's inquiry into whether the previous convictions were for crimes committed on "different occasions" as "a fact-laden task" that would require analysis of whether the crimes were committed close in time, whether their locations were in proximity, and whether the crimes were similar or intertwined in purpose or character. *Erlinger*, 602 U.S. at 834. Such analysis could require a "qualitative assessment about 'the character and relationship' of the offenses" and "whether the crimes shared 'a common scheme or purpose.'" 602 U.S. at 841.

The factual findings required in *Erlinger* differ from those challenged in Calvert's appeal. *Erlinger* only reiterated that a sentencing court may not determine "'what the defendant . . . actually d[id],' or the 'means' or 'manner' in which he committed his [prior] offense in order to increase the punishment to which he might be exposed." 602 U.S. at 839-40. In Calvert's case, the judge needed only to determine whether there were prior convictions and what the dates of those convictions were.

*Erlinger* held that, to conduct the narrow inquiry *Almendarez-Torres* allows, a court "may need to know the jurisdiction in which the defendant's crime occurred and *its date* in order to ascertain what legal elements the government had to prove to secure a conviction in that place at that time." (Emphasis added.) *Erlinger*, 602 U.S. at 839. And in order to do that, a sentencing court might be called upon to review official records involving prior convictions to determine the dates and elements of previous records. The Supreme Court cautioned that a sentencing judge may not use information in the official records to decide what the defendant actually did or the means or manner in which the defendant committed the offense in order to increase the punishment. 602 U.S. at 839-40. But *Erlinger* specifically acknowledged the legitimacy of the *Almendarez-Torres*

exception allowing sentencing judges to use the fact of a prior conviction in imposing sentence. 602 U.S. at 839.

The question before this court now is whether the date of a prior conviction is necessarily a fact concerning what the defendant actually did or the manner in which the defendant committed the offense. We are asked to consider whether Calvert had a constitutional right to have a jury decide whether she had two or more convictions for theft in the preceding five years. Under the facts of her case and the specific statute under which she was convicted, we conclude she did not have such a right.

A sentencing court may rely on dates contained in judicial records to ascertain the dates of convictions. See *Erlinger*, 602 U.S. at 839; see also *Descamps v. United States,* 570 U.S. 254, 263, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (court records may serve as a tool for determining whether a defendant has violated a divisible statute). The dates of convictions are a matter of court records and were an essential part of the facts of Calvert's conviction.

In this case, how the previous thefts were committed or the motivation for them or any other particulars of the crimes themselves or how the convictions were obtained was not at issue. The court records showed prior convictions for theft on particular dates. There was nothing to controvert: all a jury could have been asked to do was apply arithmetic to the dates of Calvert's convictions and decide whether she had two or more convictions for theft within the preceding five years. This is not the sort of "fact-laden" determination that the Supreme Court considered in *Erlinger*. It is instead the kind of sentencing elements question the Supreme Court has held in *Erlinger* and *Descamps* to be outside the scope of the *Apprendi* requirement for jury fact-finding.

Since *Erlinger* came out, several courts have rejected defendants' arguments that the date of a prior conviction or releases must be submitted to the jury.

In *Denson v. State*, 401 So. 3d 633, 633-34 (Fla. Dist. Ct. App. 2025) (per curiam), the defendant was sentenced as a "prison releasee reoffender" because he committed an offense within three years after his release from prison. The court held this did not violate his right to a jury trial because the date of his release from prison was part of his prior record and was a fact determination that did not need to be presented to a jury and proved beyond a reasonable doubt. 401 So. 3d at 634.

In *People v. Jackson*, 86 Misc. 3d 411, 225 N.Y.S.3d 903 (N.Y. Sup. Ct. 2025), the defendant was convicted of multiple counts relating to burglary, and the State sought to have him sentenced as a persistent violent felony offender because he had been subjected to two or more predicate violent felony convictions not more than 10 years before his current conviction. The defendant argued this determination by the sentencing judge conflicted with *Erlinger*. The *Jackson* court held that the date a conviction occurred has nothing to do with the manner in which the underlying offense was committed; such a fact is "part of the mechanical operation of the criminal justice system" and need not be proved to a jury. 86 Misc. 3d at 420.

See also *People v. Coopwood*, No. 3-24-0579, 2025 WL 2556740, at *3-4 (Ill. App. Ct. 2025) (unpublished opinion) (upholding application of extended-term statute when conviction for same or similar felony occurred in preceding 10 years; court properly relied on presentence investigation to establish existence of prior convictions).

The *Erlinger* opinion does not change the law in this state. This court has already held that a sentencing court may not "make[] findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey*, 301 Kan. at 1036 (citing *Descamps,* 570 U.S. at 268-69).

We conclude that Calvert did not have a right under the United States Constitution to have a jury decide whether she had two or more convictions in the previous five years. We caution that this decision does not mean that the dates of prior convictions are *never* factual matters requiring jury determinations. As the *Erlinger* Court described and as the concurring opinion suggests, circumstances relevant to prior convictions *may* require inquiries going beyond court records and arithmetic calculations. We need not speculate at this time what those circumstances could or will be as we do not find them present in this case.

We affirm the judgments of the Court of Appeals and the district court.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

LUCKERT, J., not participating.

*   *   *

WALSH, J., concurring in the result.

I agree with my colleagues that "it does not matter under *Apprendi* whether the required finding is labeled a crime element or a sentencing factor—if it would increase the punishment beyond what the jury's verdict would authorize, the jury must decide whether the State proved the fact used to increase the sentence." *State v. Calvert*, 321 Kan. at __, slip op. at 7 (citing *State v. Gould*, 271 Kan. 394, 410-11, 23 P.3d 801 [2001]).

And I do not disagree that, under *Apprendi*'s narrow exception, the fact of a prior conviction—which necessarily includes the date and basic elements of that conviction— can be found by a judge rather than a jury. 321 Kan. at __, slip op. at 9; *Erlinger v. United*

*States*, 602 U.S. 821, 839-40, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024) (rejecting more expansive readings of *Apprendi*'s exception).

Here, however, the "essential question" posed by the majority fails to capture all of the factual findings that might be required to support a sentence under K.S.A. 21-5801(b)(6): for a theft of property worth less than $1,500, the statute increases what would otherwise constitute a class A nonperson misdemeanor, K.S.A. 21-5801(b)(4), to a severity level 9, nonperson felony "if committed by a person who has, within five years immediately preceding commission of the crime, *excluding any period of imprisonment*, been convicted of theft two or more times," (emphasis added) K.S.A. 21-5801(b)(6). See 321 Kan. at __, slip op. at 7 (setting out "essential question" but omitting imprisonment qualifier); 321 Kan. at __, slip op. at 3-4 (quoting statute).

Because the record here establishes beyond a reasonable doubt that the facts and circumstances surrounding Calvert's prior convictions and sentences were uncontested, and no evidence "'could [have] rationally [led] to a contrary finding,'" I agree with the result reached by the majority. *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024). I write separately to note that, under different circumstances, the statute's "period of imprisonment" qualification—wholly unacknowledged by the majority opinion—could inject a potentially "fact-laden" inquiry that would need to be resolved by a jury—or otherwise stipulated to—before it could be used to increase a sentence. 321 Kan. at ___, slip op. at 9 (citing *Erlinger*, 602 U.S. at 834).