NOT DESIGNATED FOR PUBLICATION

No. 128,039

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY O. GARDNER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed February 6, 2026. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Larry O. Gardner Jr. appeals from the district court's denial of his motion to reinstate his probation. On remand from this court to correct Gardner's sentence for a higher good time credit allowance, he moved to reinstate his probation. The district court denied his motion based on the similarity of the probation violation and his original conviction. Based on our review of the record, the district court did not abuse its discretion. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a Wichita police officer stopped Gardner for running a stop sign. After observing open containers and smelling alcohol, the officer searched the vehicle and found a large amount of marijuana, cutting instruments, and more green botanical substances. Gardner was charged with six offenses, including possession of marijuana with the intent to distribute, a drug severity level 3 drug felony.

At an October 2020 plea hearing, Gardner pled guilty to this charge, and the remaining counts were dismissed. At sentencing the following month, the district court sentenced Gardner to a 62-month prison sentence but granted his motion to impose dispositional departure sentence and imposed a 36-month probation term.

In March 2022, Kansas Highway Patrol Trooper Dakota Roberds stopped Gardner for driving under the influence and transporting an open container. Upon a vehicle search, the officer found over one pound of marijuana and noticed the vehicle was without an ignition interlock device, a condition of Gardner's probation.

At the probation violation hearing, Gardner admitted to driving under the influence, transportation of an open container, and tampering with an ignition interlock device. After hearing evidence on whether Gardner possessed marijuana, the district court found that the State met its burden of proof and revoked his probation, and Gardner appealed.

On appeal, Gardner argued the district court erred in awarding only 15 percent good time credit when he was entitled to 20 percent good time credit. Gardner also argued the district court abused its discretion when it revoked his probation.

The panel noted that reasonable persons could differ on whether a lesser sanction would have been appropriate but held that the district court did not abuse its discretion when the district court revoked Gardner's probation. The panel vacated the good time credit portion of the sentence and remanded for resentencing, but affirmed the district court's revocation of Gardner's probation. The panel further noted that, at resentencing on remand, the district court would have authority to reinstate Gardner's probation if it so chose. *State v. Gardner*, No. 125,513, 2023 WL 6324001, at *3 (Kan. App. 2023) (unpublished opinion).

At resentencing on remand, the district court awarded Gardner the proper good time credit. Gardner moved to reinstate his probation or for a dispositional departure to a shorter sentence. He pointed to his efforts of rehabilitation, including his completion of the Larned Correctional Mental Health Facility's substance abuse program. The district court found that it lacked authority to modify Gardner's original sentence with a dispositional departure but had authority to reinstate probation if it so chose.

In determining whether to reinstate probation, the district court noted the similarity between Gardner's original conviction and his later offenses while on probation. Both incidents involved driving with a high alcohol content and possessing marijuana with the intent to distribute.

The district court acknowledged Gardner's success while incarcerated and that he was establishing a good foundation for when he is released. But based on the similarity of the original offense and the probation violation, the district court denied Gardner's motion to reinstate probation.

Gardner appeals.

*The District Court Did Not Abuse Its Discretion When Denying Gardner's Motion to Reinstate Probation*

*Standard of Review*

Appellate courts review a district court's decision to revoke or reinstate probation for abuse of discretion. *State v. Walker*, 24 Kan. App. 2d 145, 146, 942 P.2d 649 (1997). A district court's decision is an abuse of discretion if: "(1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

*Discussion*

The revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., deprives district courts of jurisdiction "to modify sentences except to correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, or to modify sentences by reinstating previously revoked probations." *State v. Jamerson*, 309 Kan. 211, 215, 433 P.3d 698 (2019). The grant of probation is an act of judicial leniency, unless otherwise limited by statute, and is a privilege, not a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006).

On appeal, Gardner argues the district court abused its discretion when it denied his motion to reinstate probation on remand. He does not raise any additional arguments regarding the district court's ruling.

Gardner argues his actions while incarcerated show a significant change in circumstances justifying reinstatement. He lists all of his efforts, including completing a substance abuse program, becoming a sponsor for Alcoholics and Narcotics Anonymous groups, being employed, and not committing any disciplinary violations. Gardner argues

4

the district court abused its discretion because he has been successful while incarcerated and the previous panel of this court stated that reasonable minds could differ on whether his probation should be reinstated.

Gardner does not argue that the district court did not have a lawful basis for its decision or made an error of fact. Rather, Gardner argues that the district court acted unreasonably.

First, Gardner is not entitled to reinstatement of probation. He admitted to committing new crimes and thus violated his probation. The district court therefore had a lawful basis for denying the motion to reinstate probation.

Next, Gardner argues that the district court's decision was unreasonable because the panel on his direct appeal found "reasonable persons could perhaps come to a different conclusion as to whether a lesser sanction would have been appropriate." 2023 WL 6324001, at *3. He suggests that because the panel found reasonable minds could differ, the district court abused its discretion. But the panel found that reasonable minds could differ and *still* affirmed the district court's revocation. 2023 WL 6324001, at *3. And "[w]here reasonable minds can differ, discretion has not been abused." *State v. Broyles*, 272 Kan. 823, 841, 36 P.3d 259 (2001). The district court did not act unreasonably; therefore, the district court did not abuse its discretion.

Affirmed.