SIXTH DIVISION   

DECEMBER 16, 2005

No. 1-04-2326

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ELLIS RIVERA,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court 

of Cook County.

No. 03 CR 23036

Honorable 

Daniel P. Darcy,

Judge Presiding.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Ellis Rivera, appeals his sentence of 10 years' imprisonment imposed by the circuit court pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-5-3(c)(8) (West 2002)).  Defendant contends that the circuit court improperly relied on a presentence investigation (PSI) to prove "facts other than the fact of a prior conviction" to enhance his Class 2 felony offense for possession of a stolen motor vehicle to a Class X offense.  For the reasons that follow, we affirm the judgment of the circuit court.

 BACKGROUND

Defendant was charged by information with possession of a stolen motor vehicle.  He waived his right to a trial by jury, and a bench trial was held in the circuit court of Cook County.  The testimony at trial revealed that defendant was found, sleeping in a car owned by Ishwar Patel on October 4, 2005, while stopped at a traffic light.  Patel and his daughter share the vehicle and both testified that they neither knew defendant nor gave him permission to borrow the vehicle.  The circuit court found defendant guilty of possession of a stolen motor vehicle, a Class 2 felony.  625 ILCS 5/4-103(b) (West 2002).  

Following the bench trial, a sentencing hearing commenced and the State indicated, based on the PSI, that defendant had been convicted of several felonies, two of which were Class 2 or greater felonies.  The circuit court and the parties acknowledged receipt of the PSI, and the court asked whether either the State or defendant wished to amend the information contained in the PSI.  Defendant indicated that the PSI reflected that he was expecting a child to be born, when in fact the child had been born and was healthy at the time of the sentencing hearing.  Defendant did not object to or dispute any of the other information contained in the PSI.  Defendant concedes and the PSI indicates that he was convicted of Class 2 felonies, one on September 1, 1993, and one on July 12, 1996.

The circuit court, 
after considering the evidence at the sentencing hearing,
 sentenced defendant to a 10-year prison term as a Class X felon under the Code, which states: 

   "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender.  This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977;  and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second."  730 ILCS 5/5-5-3(c)(8) (West 2000).

Defendant filed this timely appeal.

ANALYSIS

Defendant contends that the circuit court violated his due process rights and his right to a jury trial by sentencing him under the Class X sentencing provision of section 5-5-3(c)(8) of the Code.  Specifically, defendant argues that under the United States Supreme Court's ruling in 
Shepard v. United States
, 544
 U.S. 
   
, 
   
, 161 L. Ed. 2d 205, 
211, 125 S. Ct. 1254, 1257 (2005), the State may not rely on the PSI to prove facts other than the fact of a prior conviction to enhance his sentence without first submitting those facts to a jury and proving them beyond a reasonable doubt.  The "facts other than the fact of a prior conviction" that defendant re
fers to here are the dates when defendant committed the prior Class 2 or greater offenses, defendant's age and the sequence of the prior convictions.  The State simply argues that this case falls under the exception to the rule that was announced in 
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000).

To be sentenced under section 5-5-3(c)(8), defendant must have received two prior convictions of a Class 2 or greater class felony, and " 'the commission and conviction dates of the prior felonies must have occurred in the chronological order mandated by the statute.' "  
People v. Lathon
, 317 Ill. App. 3d 573, 579, 740 N.E.2d 377 (2000), quoting 
People v. Williams
, 149 Ill. 2d 467, 473, 599 N.E.2d 913 (1992).  Although section 5-5-3(c)(8) increases the defendant's sentence, it does not change the classification of the offense with which defendant has been charged and convicted.  
People v. Jameson
, 162 Ill. 2d 282, 290, 642 N.E.2d 1207 (1994); 
Lathon
, 317 Ill. App. 3d at 579
. 

"Therefore, in order to be sentenced under the enhancement provision of section 5-5-3(c)(8), in addition to the current Class 1 or 2 felony conviction, defendant must have been convicted of two prior felonies each involving its own set of facts: first, a Class 2 or greater felony that was committed after the effective date of the amendment to the statute;  and second, a Class 2 or greater felony committed after conviction of the first felony."  
Lathon
, 317 Ill. App. 3d at 579-80; 730 ILCS 5/5-5-3(c)(8) (West 2002).
  Section 5-3-1 of the Code mandates that "[a] defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court."  730 ILCS 5/5-3-1 (West 2002).  

The following colloquy occurred during the hearing:

   "THE STATE: Judge, you have the PSI there. You could [
sic
] see that he has five prior felony convictions.  He has two or more prior Class 2's or above making him Class X on this case which is a Class 2.

   You could [
sic
] see that he got six years on an attempt armed robbery; two years on a UUW by felon; six years on a robbery in '96; and four years on a Class four PCS in 2001 when Judge Bowie extended him.

   After that, he did pick up a PCS case that was in our courtroom here, and then picked up the possession of the stolen motor vehicle, a Class 2.  

   We would be looking for a sentence considering not only this case but the other case in excess of ten years.  

   MR. JORDAN [Defense Attorney]: Judge, I think the pre-sentence report indicates that my client has had a long problem with alcohol and narcotics.  The facts of this case support the idea that much of his criminal history is related to the abuse of alcohol and narcotics.  It's also apparent, ***, I think, he is a product of a rather dysfunctional family.  I would ask for a sentence closer to the minimum, if not the minimum in this case.

* * *

   THE COURT: Certainly he is eligible for an extended term based on being convicted of the same or greater Class felony within the last ten years pursuant to the statute.  

   He is also eligible to be sentenced as a Class X felony [
sic
] because this is his third Class 2 felony conviction.  He has an aggravated battery.  He has a robbery conviction.  He has an attempt armed robbery conviction, unlawful use of a weapon by a felon.  

   So, based on the evidence presented before this court, considering that, the aggravation, mitigation, arguments of the parties, I do, in fact, find he is eligible to be sentenced as an extended term, that being seven to 14 years.  He also is mandatory to be sentenced as a Class X Felon.  

   So based on that, I'm going to sentence him to ten years' Illinois Department of Corrections."  

 
 
In 
Apprendi
, the United States Supreme Court held that "[o]ther than the fact a of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.
  Recently, the Supreme Court narrowed the exception to the rule pronounced in 
Apprendi
 by prohibiting trial courts from looking to police reports to determine whether a prior crime qualifies a defendant for an enhanced sentence.  
Shepard v. United States
, 
544 U.S. 
   
 
, 
   
, 161 L. Ed. 2d 205, 216-17, 125 S. Ct. 1254, 1262 (2005) 
(finding that while the disputed fact in 
Shepard
 can be described as a fact about a prior conviction, it is too much like the findings subject to the rule in
 
Apprendi
 to say that a judge is 
clearly authorized 
to r
esolve the dispute).
 
 We must now determine whether reliance by a trial court on a PSI to make findings pursuant to section 5-5-3(c)(8) of the Code violates a defendant's constitutional rights and the Supreme Court's holding in 
Shepard
, 544 
U.S. at 
   
 
, 161 L. Ed. 2d at 211, 125 S. Ct. at 1257.

The issu
e before the Supreme Court in 
Shepard
 was judicial fact-finding pertaining to the nature of an underlying conviction
 
544 
U.S. at 
   
 
, 
161 L. Ed. 2d 211, 125 S. Ct. 1257.
  Shepard pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000).  
Shepard
, 
544 
U.S. at 
   
 
, 
   
, 
161 L. Ed. 2d 211-12, 213, 125 S. Ct. at
 1257, 1258-59. 
 The government sought to increase his sentence from a 37-month maximum to the 15-year minimum pursuant to the Armed Career Criminal Act of 1984 (ACCA) (18 U.S.C. § 
924(e) (2000)), which mandates the enhancement for felons who have three prior convictions for "violent felonies" or "drug offenses."  Shepard's predicate felonies were Massachusetts burglary convictions entered upon guilty pleas.  The question before the district court was whether the type of burglary for which Shepard was previously convicted qualified as a predicate offense under the ACCA, thus triggering the enhancement.  It was, therefore, necessary for the district court to engage in specific fact-finding regarding the underlying nature of the predicate convictions.  

The Supreme Court previously held that only "generic burglary," meaning that it was committed in a building or enclosed space, is a violent crime under the ACCA, as opposed to "non-generic burglary," which could be committed in an automobile or boat. See 
Taylor v. United States
, 495 U.S. 575, 599, 109 L. Ed. 2d 607
, 627, 110 S. Ct. 2143, 2158-59 (1990).  The 
Taylor
 Court held that a court sentencing under the ACCA can look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after a jury trial was for generic burglary in States with broader burglary definitions.  
Taylor
, 495 U.S. at 602, 109 L. Ed. 2d at 629, 110 S. Ct. At 2160.  Refusing to consider the 15-year minimum, the district court in Shepard's case found that a 
Taylor
 investigation did not show that Shepard had three generic burglary convictions and rejected the government's argument that the court should examine police reports and complaint applications in determining whether Shepard's guilty pleas admitted and supported generic burglary convictions.  

The Supreme Court agreed with the district court and held that enquiry under the ACCA to determine whether a guilty plea to burglary under a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, to the terms of a plea agreement or the transcript of any colloquy between the judge and defendant in which the defendant confirmed the factual basis for the plea, or to some comparable judicial record of this informati
on.  
Shepard
, 544 U.S. at 
   
,
 161 L. Ed. 2d at 218
, 125 S. Ct. at 1263
.  The 
Shepard
 Court therefore ruled that the district court was prohibited from relying on police reports to determine the nature of the burglaries to which Shepard pleaded guilty. 
 
Shepard
, 544 U.S. at 
   
,
 
161 L. Ed. 2d at 218
, 125 S. Ct. at 
1263. 

We are not presented with the circumstances in the instant case that the 
Shepard
 Court faced.  No question is raised here with regard to 
how
 the prior Class 2 felony offenses were committed
 (
e.g.
, the character and nature of the underlying conviction)
; but, rather, the concern is 
if
 and 
when
 defendant committed the prior Class 2 felonies that led to the convictions.  The 
Shepard
 Court's holding was narrowly drawn to apply to scenarios that required findings of fact related to the elements of an underlying crime that would make such crimes predicate offenses for the purposes of enhancing a sentence.  
Shepard
 did not consider whether facts, such as those presented by defendant here, are related to the elements of the predicate prior convictions.  We find that they are not and, thus, 
Shepard
 is distinguishable and not controlling in the instant case.
 

This court has held that the minimum age and other ancillary elements of section 5-5-3(c)(8) are intertwined with recidivism and distinct from the elements of the underlying offense such that they fall under the exception recognized in 
Apprendi
.  See 
People v. Smith
, 338 Ill. App. 3d 555, 561, 788 N.E.2d 1204 (2003) (agreeing that the minimum age and other ancillary elements are sufficiently intertwined with recidivism and distinct from the underlying elements of the underlying offense to fall under the recidivism exception recognized in 
Apprendi
); 
People v. Jones
, 322 Ill. App. 3d 236, 243, 749 N.E.2d 466 (2001) (finding that the sequence of the prior offenses and subject's age fall under Apprendi's recidivism exception); 
People v. Dunn
, 326 Ill. App. 3d 281, 289, 760 N.E.2d 511 (2001) (holding that the recidivism exception recognized in 
Apprendi
 was applicable because the defendant's prior convictions were not an essential element of the underlying criminal offense and the prior convictions did not relate to the commission of the underlying offense
).  

Here, defendant does not dispute that he was convicted of the requisite felonies that qualify defendant for the Class X sentencing enhancement nor does he contend that the timing of his prior convictions prohibits the court from imposing a Class X sentence pursuant to section 5-5-3(c)(8) of the Code
.  
Furthermore, we note that defendant here, unlike Shepard, did not object to the PSI which contained information about his prior convictions that were the basis of the sentencing enhancement.
 
Moreover, defendant concedes that he was convicted of two Class 2 felonies in 1993 and 1996 and he does not argue that any facts about his age, prior crimes or convictions would render the circuit court sentence inappropriate under section 5-5-3(c)(8) of the Code. 
 

Finally, a presentence report, like the one in the instant case, is generally a reliable source for the purpose of inquiring into a defendant's criminal history.  See, 
e.g.
, 
People v. Williams
, 149 Ill. 2d 467, 491, 599 N.E.2d 913 (1992); 
People v. Jones
, 94 Ill. 2d 275, 288, 447 N.E.2d 161 (1982)
;  
People v. Powell
, 199 Ill. App. 3d 291, 294, 556 N.E.2d 896 (1990)
.  Additionally, unlike the police reports that were at issue in 
Shepard
, both parties may participate in the furnishing of the information that is reflected in the PSI and each has the opportunity to object to the accuracy thereof.  
Williams
, 149 Ill. 2d at 493.  

We reject defendant's argument that defendant's age and prior convictions and the timing, degree, number and sequence of defendant's prior convictions
 are "facts other than the fact of a prior conviction" that the State is required to submit to a jury and prove beyond a reasonable doubt.
  As a result, the exception articulated in 
Apprendi
 applies to this case and defendant's contention that the circuit court may not rely on the PSI for determining those ancillary elements fails. 

CONCLUSION

For the forgoing reasons, we hold that the Class X sentencing enhancement provision of section 5-5-3(c)(8) did not violate defendant's due process rights and his right to trial by jury as guaranteed by the Constitution of the United States, 
Apprendi
 and 
Shepard
.  Accordingly, the judgment of the circuit court is affirmed.

Affirmed.    

McNULTY, P.J., and TULLY, J., concur.