2016 FEB -1 AM 11: 05



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHNGTON, | ) | NO. 72852-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JEFFREY LAFATE BRINKLEY, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 1, 2016 |
| | ) | |

LAU, J. — Appellant Jeffrey Brinkley was sentenced under the Persistent Offender Accountability Act (POAA), Washington's "three strikes" recidivism law. Brinkley claims the trial court erred when it determined the "temporal relationship" of his prior convictions, in violation of the rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. N.J., 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because the facts here fall squarely within the Apprendi exception and are facts "intimately related" to the conviction under State v. Jones, 159 Wn.2d 231, 149 P.3d 636 (2006), we affirm the judgments.

FACTS

In 2011, Brinkley was convicted of one count of first degree robbery, one count of second degree kidnapping, and one count of second degree assault based on a dispute over a drug debt.

At sentencing in January 2013, the State provided certified copies of Brinkley's two prior judgments and sentences. In the first, Brinkley pleaded guilty to first degree robbery in King County. The face of the certified judgment and sentence indicates the crime occurred on March 30, 1996, and he pleaded guilty on July 1, 1996. In the second, Brinkley pleaded guilty to second degree robbery in Spokane County. The face of the judgment and sentence indicates the crime occurred on November 26, 1998, and he pleaded guilty on January 29, 1999.

The sentencing court reviewed the certified copies of the prior judgments to determine Brinkley's status as a persistent offender. He sentenced Brinkley to life imprisonment on each charge. On direct appeal, we reversed and vacated Brinkley's assault conviction on double jeopardy grounds and remanded for resentencing.[1]

At resentencing, Brinkley contended a jury was constitutionally required to determine his status as a persistent offender. He argued the "temporal relationships" between the convictions was necessarily a jury question. Report of Proceedings (RP) (Nov. 21, 2014) at 3-5. The court disagreed, amended the judgment to reflect the dismissed assault conviction, and left the life sentences on the two remaining counts unchanged.

Brinkley appeals.

---

[1] State v. Brinkley, noted at 179 Wn. App. 1053, 2014 WL 953487.

## ANALYSIS

Brinkley argues his due process rights under the Sixth and Fourteenth Amendments of the United States Constitution were violated when the trial court determined he was a persistent offender under the POAA.[2]

By statute, a "[p]ersistent offender" is defined as someone who at the time of sentencing for a current most serious offense, has been convicted twice before of most serious offenses under RCW 9.94A.525. The statute states in part:

> (a)(i) Has been convicted in this state of any felony considered a most serious offense; and
>
> (ii) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.525; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted.

RCW 9.94A.030(38)(a)(i)-(ii).

Brinkley argues his persistent offender sentence violates the rule in Apprendi. He claims the constitution requires a jury to find the temporal relationship between convictions and offenses, "i.e. the requisite offense → conviction → offense → conviction → offense → conviction." Br. of Appellant at 15.

Under the statute, the court must determine the date of the prior convictions to see if they occurred before commission of the present offense. Next, the court must

---

[2] Brinkley also suggests a state constitution claim. Article I, section 21 of the Washington State Constitution provides that "[t]he right of trial by jury shall remain inviolate. . ." But as Brinkley acknowledges, in State v. Smith, 150 Wn.2d 135, 156, 75 P.3d 934 (2003), the court rejected the contention that the state constitution separately prohibits fact-finding under the POAA.

determine the date of one of the earlier offenses and decide whether it followed the date of the other prior conviction. The certified judgments presented at Brinkley's sentencing hearing encompassed all of these facts.

Recidivism need not be pleaded and proved to the jury beyond a reasonable doubt. In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the Court held that prior convictions are sentence enhancements and not elements of a crime. Therefore, they need not be submitted to the jury because "the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Almendarez-Torres, 523 U.S. at 243.

In Apprendi, the Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Brinkley does not dispute that Washington's persistent offender statute is a recidivism statute.

Washington courts have repeatedly rejected assertions similar to those made by Brinkley. In Jones, the court considered whether an increase in the offender score for crimes committed while on community supervision must be submitted to the jury. The defendant argued that Apprendi's prior conviction exception did not include facts that were merely "related" to a prior conviction. Rejecting this claim, the court explained:

> [T]he prior conviction exception encompasses a determination of the defendant's probation status because probation is a direct derivative of the defendant's prior criminal conviction or convictions and the determination involves nothing more than a review of the defendant's status as a repeat offender. In this regard, the community placement conclusion does not implicate the core concern of Apprendi and Blakely—that is the

-4-

determination does not involve in any way a finding relating to the present offense conduct for which the State is seeking to impose criminal punishment and/or elements of the charged crime or crimes. To give effect to the prior conviction exception, Washington's sentencing courts must be allowed as a matter of law to determine not only the fact of a prior conviction but also those facts "intimately related to the prior conviction" such as the defendant's community status.

Jones, 159 Wn.2d at 241 (emphasis added). Under Jones, Washington courts may determine "as a matter of law" facts "intimately related to the prior conviction."[3]

In State v. Witherspoon, 180 Wn.2d 875, 893, 329 P.3d 888 (2014), the court reaffirmed its adherence to the rule that the POAA procedures do not violate federal or state due process. Strike offenses need not be proved to a jury:

> We have long held that for the purposes of the POAA, a judge may find the fact of a prior conviction by a preponderance of the evidence. In Manussier, 129 Wn.2d [652, 681-84, 921 P.2d 473 (1996),] we held that because other portions of the SRA utilize a preponderance standard, the appropriate standard for the POAA is by a preponderance of the evidence. We also held that the POAA does not violate state or federal due process by not requiring that the existence of prior strike offenses be decided by a jury. This court has consistently followed this holding. We have repeatedly held that the right to jury determinations does not extend to the fact of prior convictions for sentencing purposes. See State v. McKague, 172 Wn.2d 802, 803 n.1, 262 P.3d 1225 (2011) (collecting cases); see also In re Pers. Restraint of Lavery, 154 Wn.2d 249, 256, 111 P.3d 837 (2005) ("In applying Apprendi, we have held that the existence of a prior conviction need not be presented to a jury and proved beyond a reasonable doubt."); State v. Smith, 150 Wn.2d 135, 139, 75 P.3d 934 (2003) (prior convictions do not need to be proved to a jury beyond a reasonable doubt for the purposes of sentencing under the POAA).
> . . . .
> Accordingly, it is settled law in this state that the procedures of the POAA do not violate federal or state due process. Neither the federal nor state constitution requires that previous strike offense be proved to a jury. Furthermore, the proper standard of proof for prior convictions is by a preponderance of the evidence.

---

[3] Brinkley filed no reply and his opening brief ignores Jones. He also cites to cases arguably critical of the prior conviction exception. We are not persuaded.

Witherspoon, 180 Wn.2d at 892-93 (emphasis added).

Brinkley relies on inapposite cases.[4] See Butler v. Curry, 528 F.3d 624, 644-45 (9th Cir. 2008) (question of whether defendant committed crime while on probation involved facts occurring after prior conviction and was therefore outside the scope of Apprendi); United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007) (for crime of illegal reentry, whether defendant was removed from the country after felony conviction involved finding facts outside of Apprendi); State v. Irby, 187 Wn. App. 183, 147 P.3d 1103 (2015) (in determining factual comparability of prior offenses under POAA, trial court considered facts outside prior convictions and violated Apprendi).

We conclude that Brinkley's overly narrow view of Apprendi is not supported. Jones and Witherspoon control. To determine whether Brinkley is a persistent offender "involves nothing more than a review of the defendant's status as a repeat offender." Jones, 159 Wn.2d at 241. The court is entitled to consider "facts intimately related to the prior convictions" such as the dates of conviction, offense dates and the underlying offense. Jones, 159 Wn.2d at 241. These facts all appear on the face of the judgments.

Indeed, other jurisdictions addressing Brinkley's specific contention rejected it.

In People v. Rivera, 362 Ill. App. 3d 815, 841 N. E. 2d 532 (2005), the court considered a three strikes law that, as in Washington, required the trial court to find the second felony was committed after conviction for the first, and the third after conviction for the second. The Rivera court rejected the same argument made by Brinkley:

---

[4] At oral argument in this court, appellate counsel candidly admitted disagreement with Jones.

> We reject defendant's argument that defendant's age and prior convictions and the timing, degree, number and sequence of defendant's prior convictions are 'facts other than the fact of a prior conviction' that the State is required to submit to a jury and prove beyond a reasonable doubt. As a result, the exception articulated in Apprendi applies to this case and defendant's contention that the circuit court may not rely on the [presentencing investigation] for determining those ancillary elements fails.

Rivera, 362 Ill. App. 3d at 821.

In United States v. Grisel, 488 F.3d 844 (9th Cir. 2007), the Ninth Circuit also rejected a similar contention involving prior guilty pleas. The defendant claimed that the dates of his prior convictions were not part of the "fact" of his prior convictions. The court disagreed, holding that the date of offense constitutes a part of the fact of conviction:

> When, as here, the face of the document demonstrating Defendant's prior conviction includes the date of the offense, the date is just as much a part of the plea as is the nature of the offense described on the face of the document.

Grisel, 488 F.3d at 847.[5]

In sum, the "prior conviction" exception includes not only the fact of the conviction itself but also "facts intimately related to the prior conviction." Jones, 159 Wn.2d at 241. As the Fourth Circuit observed, a prior conviction cannot "be reduced to nothing more than that the defendant was at some prior time convicted of some crime" and therefore, should include "other operative facts." United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). The dates of Brinkley's prior convictions, the dates of the prior offenses,

---

[5] The State cites to additional cases from other jurisdictions holding that judicial fact-finding under Apprendi may include the date of the offense. See U.S. v. Elliott, 703 F.3d 378, 381-82 (7th Cir. 2012) (court could find crimes committed over five days were "committed on occasions different from one another"); Commonwealth v. Gordon, 596 Pa. 231, 251, 942 A.2d 174, 186 (2007) (concluding that "logical and temporal relationship between predicate crimes" is not fact-finding).

and the offenses resulting in the prior convictions are all facts that fall within the facts of

prior conviction exception.

## CONCLUSION

We affirm Brinkley's judgment and sentence.

_____
Jay, J.

WE CONCUR:

_____
Trickey, J

_____
Becker, J.