No. 126,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELENE L. CALVERT,
*Appellant*.

SYLLUBUS BY THE COURT

1.

Proof of two prior theft convictions is not an element of felony theft defined by K.S.A. 2021 Supp. 21-5801(a)(1) but is contained in the penalty section of the statute in K.S.A. 2021 Supp. 21-5801(b)(6) and serves only to classify the crime at sentencing and thus enhances the penalty.

2.

A district court may find the date that a prior conviction occurred, for K.S.A. 2021 Supp. 21-5801(b)(6) purposes, falls under the same exception as the fact of a prior conviction established by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Appeal from Sedgwick District Court; FAITH MAUGHAN, judge. Submitted without oral argument. Opinion filed January 31, 2025. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

1

Before GARDNER, P.J., MALONE and COBLE, JJ.

COBLE, J.: Angelene L. Calvert appeals her conviction of felony theft under K.S.A. 2021 Supp. 21-5801(a)(1), (b)(6). She claims that having two prior convictions in the preceding five years was an element of the crime, which the State was required to prove beyond a reasonable doubt. Calvert asks us to revisit our court's holding to the contrary in *State v. Hanks*, 10 Kan. App. 2d 666, 669, 708 P.2d 991 (1985), reasoning that under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), facts other than the fact of a prior conviction which enhance a defendant's sentence must be proven to a jury. So, the State had to prove that her prior theft convictions occurred within the preceding five years. While Kansas courts have not squarely considered *Apprendi*'s application to the date of a prior conviction, we follow other courts that have held that the date of a prior conviction falls under the *Apprendi* exception for the fact of a prior conviction. So, a sentencing judge's finding that a defendant's prior theft convictions occurred within the preceding five years does not violate *Apprendi* and we affirm Calvert's conviction.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, the State charged Calvert with one count of felony theft under K.S.A. 2021 Supp. 21-5801(a)(1), (b)(6). The complaint alleged that in October 2021, Calvert stole between $50 and $1,500 of property from Lowe's and had two prior theft convictions in 2018 and 2020.

At Calvert's preliminary hearing, the State admitted as evidence the journal entries from Calvert's two prior theft convictions from Wichita Municipal Court on January 3, 2018, and on July 27, 2020.

2

At trial, the senior asset protection manager at Lowe's testified regarding Calvert's actions at the department store which led to her arrest. The police officer who responded to the store also testified. After the State rested its case, Calvert moved for a directed verdict of not guilty, arguing that the State charged Calvert with theft after prior convictions but presented no evidence of her prior convictions. The State responded that it was not required to admit evidence of prior convictions until sentencing. The district court found the State was not required to prove Calvert's two prior convictions as an element of her theft charge, relying on this court's holding in *Hanks*.

Calvert testified in her own defense, claiming she had bought the tools that were in her car. She also claimed the asset protection manager coerced her into signing a statement admitting to shoplifting by telling Calvert she would let her go if she signed it. On cross-examination, Calvert admitted that she had previously been convicted of theft twice, but she did not indicate when those convictions occurred.

In the elements instruction on Calvert's theft charge, the district court did not require the jury to find that Calvert had two prior theft convictions within the preceding five years. The jury convicted Calvert of theft. Calvert filed a motion for new trial claiming the evidence was insufficient for a conviction. The district court denied the motion.

Calvert's presentence investigation (PSI) report showed that she had three prior theft convictions in the five years before her current conviction: (1) January 3, 2018; (2) February 12, 2020; and (3) July 27, 2020. Calvert did not object to her criminal history. The district court sentenced Calvert to 12 months' probation.

Calvert timely appeals.

## THE DISTRICT COURT DID NOT ERR IN CONCLUDING THAT CALVERT'S PRIOR CONVICTIONS WERE NOT AN ELEMENT OF THE OFFENSE

Calvert appeals the sufficiency of the evidence supporting her conviction. A criminal defendant does not have to challenge the sufficiency of the evidence at trial to preserve the issue for appeal. *State v. Pepper*, 317 Kan. 770, 776, 539 P.3d 203 (2023). Even so, at trial, Calvert moved for a directed verdict of not guilty, citing the State's failure to prove two prior convictions in the preceding five years. The district court denied the motion, and her claim is preserved for appeal.

*Standard of Review*

> "'When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.' [Citations omitted.]" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021).

To the extent statutory interpretation is required, such an inquiry presents a question of law over which we exercise unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

*The Prior Conviction Language Appears in the Penalty Section of the Theft Statute*

The State charged Calvert and the jury convicted her under K.S.A. 2021 Supp. 21-5801(a)(1), (b)(6). Those statutory provisions state:

> "(a) Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services:
> (1) Obtaining or exerting unauthorized control over property or services;
> . . . .

"(b) Theft of:

. . . .

(6) property of the value of at least $50 but less than $1,500 is a severity level 9, nonperson felony if committed by a person who has, within five years immediately preceding commission of the crime, excluding any period of imprisonment, been convicted of theft two or more times."

Calvert argues the State did not present evidence to the jury that she had two prior theft convictions within the preceding five years. Therefore, she argues, the evidence was insufficient to convict her of theft under K.S.A. 2021 Supp. 21-5801(b)(6). Calvert asks us to revisit the holding in *Hanks*, 10 Kan. App. 2d at 669, that proof of prior theft convictions was only used to determine the sentencing classification and was not an element of the offense. Calvert suggests *Hanks* is misguided in light of the holding in *Apprendi*, 530 U.S. at 490, that any fact that increases the penalty for a crime other than the fact of a prior conviction must be submitted to the jury. Calvert concedes that this case involves the fact of a prior conviction, but she submits that this case "also includes a question of timing" because a prior conviction under K.S.A. 2021 Supp. 21-5801(b)(6) must have occurred within the preceding five years. So, Calvert argues the district court erred in concluding that having two prior convictions within the preceding five years was not an element of the offense.

*Hanks* involved the same offense as in this case—theft after two prior convictions in the preceding five years. Hanks argued that as an element of the offense, the State must prove he had two prior theft convictions in the preceding five years. The *Hanks* court found because proof of prior convictions was only necessary in classifying the theft offense for sentencing, prior convictions did not form an element of the offense. 10 Kan. App. 2d at 669. Accordingly, the court concluded that because prior theft convictions were not an element of Hanks' theft charge, any evidence of prior convictions should not have been admitted at trial. 10 Kan. App. 2d at 670.

5

In its finding, the *Hanks* panel relied on the seminal case of *State v. Loudermilk*, 221 Kan. 157, 557 P.2d 1229 (1976). *Hanks*, 10 Kan. App. 2d at 668-69. In *Loudermilk*, our Supreme Court drew a distinction between crimes requiring proof of prior convictions as an element of the offense and crimes requiring proof of prior convictions only to enhance the sentence. The court explained: "It is important to note that in each case where a prior conviction of felony is a necessary element of the crime, the fact of prior conviction is contained in the statutory definition of the crime rather than in the penalty section of the statute." 221 Kan. at 160. The court interpreted K.S.A. 1975 Supp. 65-4127a—defining possession of narcotics—to require proof of prior convictions only to determine the sentence upon conviction. 221 Kan. at 161.

Again, we focus on the language of K.S.A. 2021 Supp. 21-5801(b)(6):

> "(b) Theft of:
>
> . . . .
>
> (6) property of the value of at least $50 but less than $1,500 is a severity level 9, nonperson felony if committed by a person who has, within five years immediately preceding commission of the crime, excluding any period of imprisonment, been convicted of theft two or more times."

This is similar to the prior conviction language of K.S.A. 1984 Supp. 21-3701 examined in *Hanks*:

> "'Theft of property of the value of $150 or more is a class E felony. Theft of property of the value of less than $150 is a class A misdemeanor, except that theft of property of the value of less than $150 is a class E felony if committed by a person who has, within five years immediately preceding commission of the crime, been convicted of theft two or more times.'" *Hanks*, 10 Kan. App. 2d at 667.

6

In each case, the prior conviction language appears in the penalty section of the theft statute, rather than the statutory definition of theft. Accordingly, under the distinction recognized in *Loudermilk*, the prior conviction language in K.S.A. 2021 Supp. 21-5801(b)(6) would constitute prior convictions enhancing a sentence rather than prior convictions forming an element of a theft offense.

*Calvert's Timing Argument is Unpersuasive*

Calvert acknowledges these holdings but asks the panel to revisit them considering *Apprendi*. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Although Calvert recognizes the issue here includes prior convictions, she argues it also "includes a question of timing." She maintains that the dates of her prior convictions—that they had to occur within the five years immediately preceding commission of the current crime—are facts which should have been proven to a jury.

Calvert also urges us, in her Notice of Additional Authority under Kansas Supreme Court Rule 6.09 (2024 Kan. S. Ct. R. at 40), to consider the recent decision by the United States Supreme Court in *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024). There, Erlinger had pleaded guilty to being a felon in possession of a firearm under federal law and sought to vacate his enhanced sentenced under the federal Armed Career Criminal Act (ACCA). The district court denied his request for a jury to determine whether Erlinger's prior burglary offenses were committed on separate occasions for ACCA purposes or whether they were part of a single episode. On review, the Supreme Court found that the Fifth and Sixth Amendments require a unanimous jury to make the determination beyond a reasonable doubt that a defendant's

7

past offenses were committed on separate occasions *for ACCA purposes.* 602 U.S. at 838-40. But *Erlinger* is not dispositive of Calvert's claim.

In *Erlinger*, the Supreme Court's ruling was narrowly confined to the separate occasions inquiry for federal ACCA purposes. 602 U.S. at 847-48; see 602 U.S. at 861 (Kavanaugh, J., dissenting) ("The Court today has not overruled *Almendarez-Torres*; it has simply carved out the different-occasions inquiry from the general *Almendarez-Torres* rule."). *Erlinger* did not expansively find, as Calvert suggests, that the dates of her prior convictions must be found by a unanimous jury, and it is thus not relevant to our disposition here.

1. *Kansas Courts Have Not Considered* Apprendi *Regarding Dates of Prior Convictions*

The State cites several cases to argue that Kansas courts have rejected Calvert's argument—that the dates of her prior convictions must be proven to a jury—in analogous situations, though only four of those cases were released after *Apprendi*. Two of those cases, *State v. Reese*, 300 Kan. 650, 333 P.3d 149 (2014), and *State v. Key*, 298 Kan. 315, 312 P.3d 355 (2013), involved interpretation of Kansas' driving under the influence (DUI) statute, K.S.A. 8-1567. In both cases, the Supreme Court observed that a prior DUI conviction is treated as a sentencing enhancement rather than an element of a DUI offense. *Reese*, 300 Kan. at 655-56; *Key*, 298 Kan. at 319-20. The question in *Key* was whether this court had properly dismissed Key's appeal for lack of jurisdiction when he challenged one of his prior DUI convictions as resulting from an unauthorized guilty plea. 298 Kan. at 322. *Key* did not address an *Apprendi* issue.

The *Reese* court examined the sentencing provision in K.S.A. 2011 Supp. 8-1567(j)(3), requiring that "'only convictions occurring on or after July 1, 2001, shall be taken into account when determining the sentence to be imposed.'" *Reese*, 300 Kan. at

657. The court concluded the statute's phrasing "makes it clear that the new limited look-back period in K.S.A. 2011 Supp. 8-1567(j) was intended to be applied at sentencing." 300 Kan. at 657. The question the court ultimately ruled on was whether the statute's amended look-back period applied to Reese, not whether the State had to prove to a jury beyond a reasonable doubt that a prior conviction happened within the look-back period under *Apprendi*. *Reese*, 300 Kan. at 657. The current version of K.S.A. 8-1567 still contains the July 1, 2001 look-back period for prior convictions. K.S.A. 8-1567(i)(1). But Kansas courts have not yet considered whether *Apprendi* requires the State to prove to a jury that a prior conviction occurred within the look-back period.

The State also cites *Thompson v. State*, 32 Kan. App. 2d 1259, 96 P.3d 1115 (2004). There, Thompson claimed he was improperly sentenced for a severity level 1 offense for methamphetamine possession because the State failed to allege his prior convictions in the complaint. The *Thompson* panel rejected that argument, finding that because prior convictions were not an element of a methamphetamine possession offense, the State did not have to present evidence of Thompson's prior convictions until sentencing. 32 Kan. App. 2d at 1270.

*Thompson* demonstrates the distinction between prior convictions establishing an element of an offense and prior convictions establishing only the penalty imposed. But like *Reese* and *Key*, it does not conclusively answer whether the *date* of a prior conviction is distinct from the *fact* of a prior conviction under *Apprendi*.

The State also directs us to *State v. Ingram*, No. 121,354, 2020 WL 5083839 (Kan. App. 2020) (unpublished opinion). In that case, Ingram challenged his conviction for criminal deprivation of a motor vehicle, claiming that "the State failed to present evidence of his prior convictions that rendered his crime a felony offense." 2020 WL 5083839, at *1. K.S.A. 2018 Supp. 21-5803(b)(1)(A) classified criminal deprivation of a motor vehicle as a misdemeanor for the first two convictions, but as a felony on the third

9

or subsequent conviction. The *Ingram* panel found that because the statute's language on prior convictions was located in the penalty section, prior convictions were not an element of the crime. 2020 WL 5083839, at *6.

While *Ingram* provides another example of prior convictions not establishing an element of an offense, the statute at issue in that case did not include a time limitation or look-back period for prior convictions to classify the offense as a misdemeanor or felony. Therefore, *Ingram* also does not conclusively answer the question posed by Calvert. Indeed, Kansas courts do not appear to have considered whether the *Apprendi* exception for the fact of a prior conviction extends to the date of a prior conviction.

  2. *Date of Prior Conviction as* Apprendi *Issue Considered by Other Courts*

Although Kansas courts have not weighed in on whether the date of a prior conviction is distinct from the fact of a prior conviction under *Apprendi*, other courts have answered this question. In *State v. Brinkley*, 192 Wash. App. 456, 369 P.3d 157 (2016), Brinkley claimed the trial court violated *Apprendi* by determining the "'temporal relationship'" between his prior convictions under a persistent offender sentencing law. 192 Wash. App. at 458-59. In relevant part, the statute at issue defined a person as a "'persistent offender'" if the person:

> "(a)(i) Has been convicted in this state of any felony considered a most serious offense; and
> "(ii) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.525; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted." 192 Wash. App. at 459.

10

See Wash. Rev. Code § 9.94A.030(a)(i)-(ii). Brinkley argued that a jury must determine whether his prior convictions occurred in the chronological order defined by the statute. The Washington Court of Appeals found Brinkley's argument unpersuasive. The court cited *State v. Jones*, 159 Wash. 2d 231, 241, 149 P.3d 636 (2006), where the Washington Supreme Court held that sentencing courts could "determine not only the fact of a prior conviction but also those facts 'intimately related to the prior conviction,'" to conclude that a court's determination of the date of a prior conviction was permitted under *Apprendi*. *Brinkley*, 192 Wash. App. at 461. The court noted that "[t]hese facts all appear on the face of the judgments." 192 Wash. App. at 462.

Other jurisdictions have reached the same conclusion under similar circumstances. See *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (rejecting argument that dates of prior convictions not part of "'fact'" of prior convictions); *People v. Alvarado*, 284 P.3d 99, 104 (Colo. App. 2011) (finding determination defendant was charged with juvenile offense when current offense committed fell under "facts 'regarding'" prior conviction); *People v. Rivera*, 362 Ill. App. 3d 815, 821, 841 N.E.2d 532 (2005) (finding "defendant's age and prior convictions and the timing, degree, number and sequence of defendant's prior convictions" fell under *Apprendi* exception).

These conclusions by other jurisdictions appear to conform with the *Apprendi* court's concern over questions not decided by a jury that relate to the "'commission of the offense.'" 530 U.S. at 496. Recidivism, the *Apprendi* court noted, "'does not relate to the commission of the offense' itself." 530 U.S. at 496. Therefore, consistent with other jurisdictions that have ruled on this issue, we find that the date of a prior conviction as outlined in K.S.A. 2021 Supp. 21-5801(b)(6) falls under the *Apprendi* exception for the fact of a prior conviction. Accordingly, we decline Calvert's invitation to reexamine *Hanks* in light of *Apprendi*.

Affirmed.

11